November 12, 2018
Re: Gianna Sweet
Case Number: 18-26846-MBK

Your Honor,

I am writing to object to the discharge of Gianna's debt to me. I believe Gianna knowingly committed many illegal acts while working for me, which accounted for the judgment against her and her current debt to me. These included not giving me a contract or even being able to produce one when requested, and not getting written permission for sub-contractors or for changes in work done in the house. She also committed fraud in her invoices to me.

I hired Gianna Sweet in January 2013 to do some interior decorating and remodeling work for me. She took on the role of general contractor when she hired the sub-contractors to do the work in the house. When she had completed 75% of the work, and my bathrooms were completely demolished and framed, she informed me that the project had gone over budget by 28.5%. I had no indication until that time by communication, or paperwork, that we had gone so far over budget. Only when I was asked to finance bathroom fixtures, which I had already paid for in her invoice, did I question what had happened.

When I went back through the invoices, I found many discrepancies. Gianna charged me for items she never purchased, and even for some items I had purchased myself. She charged me twice for the same items and, in some instances, increased the cost the second time. She charged me for items I specifically told her I didn't care for and didn't want. She charged me for sub-contractor services that the sub-contractor never charged for. (I actually asked them.) Her sub-contractors left damage in my home, which she refused to have them fix. She insists that I terminated our business relationship. However, she told me she would leave the job to save me her contractor fee. I never released her, or signed any paperwork to do so.

I have lived 5 ½ years without any bathrooms upstairs, as I still do not have the money to complete them. I tried to settle this with her through mediation, but she refused to give me any money so I could hire someone else to finish my bathrooms. When I try to collect on the judgment against her, she files for bankruptcy to avoid paying. I would be willing to take a lesser amount for the judgment, enough to cover finishing my bathrooms and the repair of the damage left by her sub-contractors, but I believe to allow her to discharge her debt to me is allowing her to reinjure the party she knowingly injured in the first place.

I humbly request that you find that her debt to me should not be discharged.

Sincerely,

Susan Roskind